**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4250**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DANIEL SOLIS-GARZA,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort.   Solomon Blatt, Jr., Senior District Judge.   (9:06-cr-00158-SB)

Submitted: January 15, 2009        Decided: January 21, 2009

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anna Aita, LAW OFFICES OF AITA & MURPHY, Glen Burnie, Maryland, for Appellant.   Carlton R. Bourne, Jr., Eric John Klumb, Assistant United States Attorneys, Charleston, South Carolina; Reginald I. Lloyd, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Solis-Garza pled guilty, pursuant to a written plea agreement, to conspiracy to distribute cocaine, 21 U.S.C. § 846 (2006) and was sentenced to thirty months imprisonment. Solis-Garza's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in her view, there are no meritorious grounds for appeal, but questioning whether the district court properly accepted Solis-Garza's guilty plea and whether the district court abused its discretion in sentencing him. Although advised of his right to file a supplemental pro se brief, Solis-Garza has not done so.

Our review of the record discloses that Solis-Garza's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Solis-Garza was properly advised of his rights, the elements of the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). We therefore find that the plea was valid.

Counsel next questions whether the district court abused its discretion in imposing a thirty-month sentence. This court will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and is

reasonable.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  In assessing the reasonableness of the sentence, we focus on whether the district court abused its discretion in imposing the sentence.  United States v. Pauley, 511 F.3d 468, 473 (4th Cir.2007).  We first examine the sentence for significant procedural errors, and then look at the substance of the sentence.  Id.

We find that Solis-Garza's sentence is both procedurally sound and substantively reasonable.  The district court properly calculated the Guidelines range (seventy to eighty-seven months imprisonment) and considered that range in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006).  Because Solis-Garza's sentence was below the statutory maximum of twenty years and below the bottom of the advisory guidelines range, we find that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none.  Accordingly, we affirm the district court's judgment.  This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that

3

a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED